UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| EDDIE RAY TINNIN, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:21-CV-147-DCLC-CHS |
| TONY PARKER and SHAWN PHILLIPS, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This is a prisoner's pro se complaint for violation of § 1983 that the United States District Court for the Middle District of Tennessee transferred to this Court after granting Plaintiff leave to proceed *in forma pauperis* and assessing him with the filing fee [Doc. 4]. For the reasons set forth below, this action will be **DISMISSED**.

**I.    SCREENING STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II. ALLEGATIONS

Plaintiff has been confined in the Bledsoe Correctional Complex ("BCCX") since December 27, 2019 [Doc. 1 p. 5]. During this confinement, Plaintiff had a heart attack while awaiting transfer out of classification to special needs [*Id.*]. Plaintiff is in "Class B medical" because of his health issues and, during his confinement in BCCX, he has been unable to get sixteen days a month of good time and has been unable to participate in any programs or classes that would give him extra good time or program credits towards his sentence [*Id.* at 6].

However, numerous other inmates that arrived at BCCX after Plaintiff have left before him, and Plaintiff believes that it should be a fair and balanced first in-first out system and that the failure to transfer him due to his health issues amounts to discrimination [*Id.* at 5–6]. Plaintiff also alleges that "[t]he powers that be ignore all letters to them and the grievance system is broken and none of the upper echelon bosses will respond" [*Id.* at 6].

In support of his complaint, Plaintiff filed several grievances with jail officials regarding the issues in his complaint [Doc. 1-1]. In the first grievance attached to his complaint, Plaintiff alleged that he was being denied proper health care and was not being put on the list to go to special needs, and stated that on June 21, 2020, he was supposed to be sent to special needs but instead was sent to an outside hospital [*Id.* at 4–5]. He further stated that he submitted requests to go back on the list to go to special needs, but that "HAO or Doctors will not answer" [*Id.* at 5]. Plaintiff also claimed that if a doctor at special needs said he needs to be in that facility, his continued confinement at BCCX denied him proper health care [*Id.*]. As his requested solution for this grievance, Plaintiff requested "to be treated fairly and not indifferent because I'm a[n] inmate [and to be] put back on the list to go [to] special needs over my back" [*Id.* at 4].

In another grievance filed with his complaint, Plaintiff stated that counselors have told him that he is still in classification because he is "Class B medical" [*Id.* at 6]. Plaintiff next claimed that he had talked to a lot of inmates in that classification and stated that it looks to him as though placement therein due to bad health amounts to discrimination, because those inmates cannot earn extra good days through programs or work [*Id.* at 7]. Plaintiff then asserted that his four-year sentence has been extended by five months and states that all he wants is to be treated fairly [*Id.* at 8]. Plaintiff also attached another grievance to his complaint in which he requested to "be sent to a time building facility," and in which he asserted that he has been stuck in BCCX for fifteen months and lost five months he could have earned if he were not in classification [*Id.* at 10].

Plaintiff has sued Tony Parker and Shawn Phillips for violating his rights under § 1983 [Doc. 1 p. 1, 4]. As relief for his § 1983 claims, Plaintiff requests that the Tennessee Department of Correction fix its classification issue, that the warden take an active interest in his facility, that

3

BCCX "be brought up to standards," that he be transferred to special needs, and ten thousand dollars in punitive damages [Doc. 1 p. 7].

## III. ANALYSIS

First, while Plaintiff has sued Tony Parker and Shawn Phillips, he sets forth no factual allegations suggesting that either of these jail officials was personally involved in any violation of his rights under § 1983. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (providing that § 1983 liability cannot be premised upon a theory of respondeat superior).

Further, Plaintiff's allegations that he is unable to get a job or credits towards his sentence in his current placement fail to allege a constitutional violation, as he does not have "[a] . . . constitutional right to prison employment," a property right to wages for work, or a statutory right to sentence reduction credits. *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003). Plaintiff's request to be moved to a special needs facility and statement that he cannot participate in jail programs in his current classification likewise fail to rise to the level of a constitutional violation, as he also does not have a constitutional right to a certain housing placement in jail, *Montanye v. Haymes*, 427 U.S. 236, 242 (1976), or to access to educational, vocational, or other jail programs. *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (holding that "[p]risoners have no constitutional right to rehabilitation, education, or jobs").

Also, while Plaintiff also appears to allege that he has been denied a new prison placement and the ability to earn sentencing credits due to his classification as "Class B medical" and that this amounts to discrimination, he has failed to set forth facts to support this conclusory claim. The

4

Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. For a complaint to state a claim for violation of the Equal Protection Clause, it must allege that the plaintiff has been treated differently than other similarly situated individuals. *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (providing that, in order to state a viable equal protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis'" and that the "'threshold element of an equal protection claim is disparate treatment'" (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006) and *Scarbrough v. Morgan Cty. Bd. of Educ.,* 470 F.3d 250, 260 (6th Cir. 2006)).

Plaintiff's complaint does not set forth any facts from which the Court could plausibly infer that any named Defendant, or any jail official, has treated other prisoners who are similarly situated to Plaintiff "in all relevant respects" differently. *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992) (noting that the Equal Protection Clause "keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike"); *Ctr. for Bio-Ethical Reform, Inc.*, 648 F.3d at 379 (6th Cir. 2011) (finding that a complaint failed to state an Equal Protection claim where it did not "make a plausible allegation that similarly situated organizations and individuals, of a different political viewpoint, have not been subject to the same alleged treatment by Defendants"); *Nali v. Ekman,* 355 Fed. App'x 909, 913 (6th Cir. 2009) (stating that a complaint's allegation of race discrimination in prison discipline must be supported by allegations "that the people not disciplined were similarly situated and of a different race" to state an Equal Protection claim). Accordingly, the complaint fails to state a claim for violation of Plaintiff's Equal Protection rights.

Moreover, to the extent that Plaintiff intended to state a claim for violation of his constitutional rights by stating that "the grievance system is broken" and jail officials do not respond to his letters, he failed to do so. *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (holding that a prisoner has "no inherent constitutional right to an effective prison grievance procedure").

## III. CONCLUSION

For the reasons set forth above:

1. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

2. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Judge